# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0233V
(not to be published)

| | |
|---|---|
| GINA BECK,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 17, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Joseph Alexander Vuckovich*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 15, 2018, Gina Beck ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome as a result of her March 8, 2015 influenza vaccination. (Petition at 1). On July 20, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 51).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 29, 2020, (ECF No. 56), requesting a total award of $40,557.88 (representing $39,226.30 in fees and $1,331.58 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses (ECF No. 56-3). Respondent reacted to the motion on October 29, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to my discretion to determine the amount to be awarded (ECF No. 57). Petitioner filed a reply on October 30, 2020, requesting that the court award all fees and costs requested in Petitioner's application. (ECF No. 58).

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$40,557.88** (representing $39,226.30 in fees and $1,331.58 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. **Petitioner's request, the check should be forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.